IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                CASE NO. 1:01-cr-00046-MP

CHARLES BRENNEN,

      Defendant.

_____/

# **O R D E R**

      This matter is before the Court on Doc. 33, Motion for Reduction of Sentence and Doc. 36, a letter to the Court.  In the motion at Doc. 33, Mr. Brennen asks the Court to retroactively apply what he calls "the new 1-to-1 ratio of crack vs. cocaine."  He does not specify where this ratio comes from, but the Court assumes he refers to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), and Amendment 748 to the United States Sentencing Guidelines, which mandated an 18-to-1 ratio between crack and powder cocaine penalties, to replace the 100-to-1 ratio then existing.

      As an initial matter, neither the Fair Sentencing Act nor Amendment 748 apply retroactively, See United States v. Gomes, 621 F.3d 1343 (11th Cir.2010) (per curiam)(amendments in the Fair Sentencing Act do not apply to crimes committed before the FSA was enacted in August 2010); and United States Sentencing Guidelines Proposed Amendments http://www.ussc.gov/Legal/Federal_Register_Notices/20110428_FR_Final_Amendments.pdf (sending the proposed amendment to Congress on April 28, 2011).

Additionally, in the order at Doc. 28, the Court sua sponte addressed the issue of whether

Guidelines Amendments 706 and 711, which were made retroactive, should apply to Mr.

Brennen.  The Court stated:

> Here, the Defendant escaped a mandatory life sentence by obtaining a substantial
> assistance motion. His original sentence, 120 months, was below the bottom of
> the original guidelines range (151), and represented the Court's discretion as to an
> appropriate sentence once the Court was freed from the statutory mandatory
> minimum and the Guidelines by the substantial assistance motion. Accordingly,
> no reduction of Mr. Brennen's sentence under Amendments 706 and 711 is
> appropriate.

The Court adheres to the above conclusion.  The 120 month sentence represented the Court's

discretion as to an appropriate sentence once the Court was freed from the statutory mandatory

minimum and the Guidelines.  Accordingly, even if Amendment 748 of 2010 (later Amendment

2 of 2011) were made retroactive, the Court would not be inclined to reduce Mr. Brennen's

sentence.

Also pending is Doc. 36, in which Mr. Brennen asks the Court "to use your influence to

get me moved to a medium institution or a fallout yard like Coleman 2 usp."  The matter of

designation is within the province of the Bureau of Prisons and thus the request for court

intervention is denied.

**ORDERED AND ADJUDGED:**

The Motion for Reduction of Sentence, Doc. 33, is denied.

The letter at Doc. 36, construed as a motion, is denied.

**DONE AND ORDERED** this _4th_ day of May, 2011

_____*s/Maurice M. Paul*_____
Maurice M. Paul, Senior District Judge